In re Terry L. THOMAS, Debtor.

**PROFESSIONAL PERSONNEL CONSULTANTS, Plaintiff,**

v.

**Terry L. THOMAS, Defendant.**

**Bankruptcy No. 85–01268.
Adv. No. 86–0172.**

United States Bankruptcy Court,
M.D. Alabama, N.D.

March 9, 1987.

224

Ellis D. Hanan, Capouano, Wampold, Prestwood & Sansone, P.A., Montgomery, Ala., for plaintiff.

No appearance for debtor.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

A. POPE GORDON, Bankruptcy Judge.

The creditor, Professional Personnel Consultants, filed a motion for summary judgment seeking to revoke the discharge of the debtor for fraud and also seeking to determine dischargeability of a debt. The motion contains allegations to the effect that there is no genuine issue as to any material fact and that the creditor is entitled to a judgment revoking the discharge as a matter of law.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). These findings of fact and conclusions of law are based on the affidavits submitted, the court file including the pretrial statements, and arguments and

representations of counsel, pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

■ The court finds that there are genuine issues of material fact with respect to (1) whether the debtor obtained a discharge through fraud which requires revocation of a discharge pursuant to 11 U.S.C. § 727(d); and (2) whether the prepetition conduct of the debtor was of the kind prohibited by § 727 for the granting of a discharge. Because those issues of fact exist and the underlying facts are admitted in the pretrial statements of Professional as contested, the motion for summary judgment must be denied. Moreover, this adversary proceeding will be dismissed for reasons that follow.

## FINDINGS OF FACT

A look at the procedural history of the case will be helpful.

| Date | Activity |
|------|----------|
| August 2, 1985 | Debtor filed the bankruptcy petition. |
| September 11, 1985 | First meeting of creditors. |
| October 9, 1985 | Professional filed Adversary Case No. 85–0112 objecting to discharge of the debtor. |
| October 10, 1985 | Professional filed a motion to dismiss Adversary Case No. 85–0112. The adversary proceeding was dismissed. |
| November 11, 1985 | Last day fixed for filing complaints objecting to discharge of the debtor or dischargeability. |
| November 12, 1985 | Professional filed Adversary Case No. 86–0126 objecting to discharge of the debtor. |
| December 6, 1985 | Professional and the debtor filed a joint pretrial statement in Adversary Case No. 86–0126. |
| January 6, 1986 | A reaffirmation agreement between the debtor and Professional was filed. |
| January 8, 1986 | Adversary Case No. 86–0126 was dismissed at the request of Professional and the debtor. |
| January 15, 1986 | Discharge entered. |
| January 28, 1986 | Court order entered denying approval of the reaffirmation agreement. |
| January 28, 1986 | Professional filed a pleading in dismissed Adversary Case No. 85–0126. |
| March 25, 1986 | Chapter 7 case closed. |
| October 2, 1986 | Professional filed a pleading in the closed case in dismissed Adversary Case No. 85–0126. |
| November 4, 1986 | Court order entered dismissing motion for "reconsideration" of Adversary Case No. 85–0126. |
| December 18, 1986 | Professional filed Adversary Case No. 86–0172 to revoke the discharge of the debtor and to object to dischargeability of the debt. |
| January 6, 1987 | Chapter 7 case reopened at the request of Professional. |
| February 4, 1987 | Professional filed a motion for summary judgment in Adversary Case No. 86–0172. |

The perceived fraud complained of by Professional is described in the pretrial statement of the creditor under the section "Statement of Contested Facts Plaintiff's Contentions," as follows:

1. The Creditor, Professional Personnel Consultants, originally filed an objection to the discharge of the debtor and as grounds therefor proved that the Debtor committed fraud in his entry of [an employment] contract ... with this Creditor and by the subsequent filing of the petition for bankruptcy. The testimony given at the first meeting of creditors reflects that the Debtor first consulted with his attorney regarding the filing of the petition for bankruptcy on July 19, 1985, that he signed the contract in issue with the Creditor, Professional Personnel Consultants, on July 24, 1985, that he interviewed with Otasco [a prospective employer] on July 25, 1985, that he began work with Otasco on July 26, 1985, and that he filed his petition on August 2, 1985, seeking to discharge this debt by the Creditor, Professional Personnel Consultants, arising out of his placement for employment with Otasco.

2. As a result of the objection to discharge, the parties entered into a Reaffirmation Agreement on January 6, 1986, for the payment of the debt.

3. The Debtor defaulted in said Reaffirmation Agreement and the Creditor, Professional Personnel Consultants, later filed an objection to the discharge of the Debtor as a result of the breach of said agreement. The Court denied said Reaffirmation Agreement due to the failure of the Debtor to appear in Court in re-

sponse to an order of this Court and due to failure of the Debtor to comply with said Reaffirmation Agreement.

4. The Debtor was subsequently discharged in bankruptcy.

The debtor contends in a pretrial statement, Adversary Case No. 86–0126, that his employment after entering into the contract with Professional Personnel was the result of his own independent contact with the employer Otasco and not through the efforts of Professional. The debtor says he became aware of the job through the classified section of the newspaper. The debtor did not appear or answer the complaint in the last adversary proceeding.

■ At the outset, the question of the propriety of determining dischargeability of the debt at this time will be considered. Unfortunately for the creditor, the creditor filed an objection to dischargeability on December 18, 1986, more than one year after the last date set for filing a complaint to determine dischargeability under § 523(c). Up until December 18, the debtor's entire defense of the case was premised upon claims under § 727(c) and (d) and not in any manner upon a claim under § 523(a)(2)(A). There is some evidence that the debtor has moved to another city where he is presently employed. Allowing Professional to assert a new cause of action under § 523(a)(2)(A) would be clearly prejudicial to the debtor. The objection to dischargeability was also filed out of time and cannot now be considered. The debt has been discharged. See 11 U.S.C. § 523(c). See also *In re Mufti*, 14 C.B.C.2d 1174, 61 B.R. 514 (Bkrtcy.C.D.Ca.1986); *In re Shelton*, 58 B.R. 746 (Bkrtcy.N.D.Ill.1986).

■ Also at the outset, the sufficiency of the pleadings and contested issues of fact in the pretrial statements should be examined to determine whether any facts are alleged or offered which would have prevented the debtor's discharge. The court finds none. An examination of § 727(a) shows that none of the predischarge conduct of the debtor complained of by Professional is the kind of conduct prohibited by § 727(a).

■ Turning now to the post-discharge conduct of the debtor with respect to default under the reaffirmation agreement after voluntary dismissal of the adversary proceeding objecting to discharge, a look at the reaffirmation agreement shows that it was unenforceable *ab initio.* Hence, absent a judicial determination of nondischargeability, a default at any time during the life of the agreement would have left Professional without a remedy.

A reaffirmation agreement is enforceable only if it complies with all of the requirements of 11 U.S.C. § 524(c). To be enforceable, such an agreement must contain a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within 60 days after it was filed with the court. § 524(c)(2). This agreement did not contain such a statement.

The agreement must also be accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating the agreement that the agreement was voluntary and does not impose an undue hardship on the debtor. § 524(c)(3). Here the debtor was represented by counsel during negotiations, yet no such document was filed in court.

■ Since the creditor no longer has remedies under § 523(c) and § 727(c), the creditor is left only with the remedy of attempting to revoke the discharge under § 727(d) for fraud. Section 727(d) provides that a court shall revoke a discharge if the discharge was obtained through fraud and the requesting party did not know of the fraud until after the granting of the discharge.

■ The court can revoke a discharge only if the debtor would not have been discharged pursuant to § 727(a), absent newly discovered evidence. As already held, the predischarge conduct described in the pleadings will not stand that test under § 727(a). Neither will the alleged post-discharge conduct. The creditor complains that the debtor by signing the reaffirma-

tion lulled the creditor into dismissing the complaint objecting to discharge and thereafter defaulted on the agreement after the bar date for objecting to discharge, thereby, leaving the creditor without a remedy other than under § 727(d).

The argument is simply not relevant. Until the creditor had in hand an enforceable reaffirmation agreement which had survived the 60–day rescission period, the creditor had a choice (1) of not dismissing the complaint objecting to discharge or (2) of filing a timely complaint to determine dischargeability. Reaffirmation is not a substitute for dischargeability determination or objection to discharge. If there is a legitimate objection to discharge or dischargeability, a judicial determination should be obtained that the discharge is denied or that the debt is in fact nondischargeable, by litigation or by agreed order reviewed by the court. This approach best protects the interest of both debtors and creditors. *In re Shelton,* supra.

This court notes from the allegations of the pleadings and the facts set out in the pretrial statements that there is serious doubt that the creditor could have prevailed on the dischargeability issue and no doubt that the debtor is entitled to a discharge. A debtor would be less than prudent to agree to reaffirm a dischargeable, unsecured debt, as here, or having reaffirmed, less than prudent if he failed to rescind. The unenforceable agreement does not cause an unjust result in this case.

Accordingly, it is

ORDERED that the motion for summary judgment and the complaint filed in Adversary Case No. 86–0172 are DISMISSED with prejudice.