In re John JONES and Kay Jones, Debtors.

FIRST NATIONAL BANK OF HARRISBURG, Appellant,

v.

John JONES and Kay Jones, Appellees.

Bankruptcy No. 85–40047.
Adv. No. 85–0283.
Civ. No. 86–4187.

United States District Court,
S.D. Illinois.

March 25, 1987.

Terry Sharp, P.C., Mt. Vernon, Ill., for appellant.

Louis C. Grossmann, Belleville, Ill., Gerald M. Burke, Carr, Korein, Kunin, Schlichter, Montroy & Brennan, East St. Louis, Ill., for debtors.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This case is an appeal from an order of the bankruptcy court dismissing appellant First National Bank of Harrisburg's Complaint to Revoke Discharge brought under 11 U.S.C. § 727(d)(1).

### Statement of the Case

On May 13, 1985, the bankruptcy court entered an order granting discharge to the Joneses (hereinafter called "Debtors") pursuant to § 727 of the Bankruptcy Code. Thereafter, on or about June 12, 1985, the trustee brought an adversary action under § 547(c)(2) against First National Bank of Harrisburg (hereinafter called "the Bank") and incident to that suit deposed the Debtors. At that deposition the Bank allegedly learned for the first time that the Debtors had disposed of certain assets in which it claimed a perfected security interest within one year of the date Debtors' petition was filed.

Upon learning these facts, the Bank filed a Complaint with the bankruptcy court under 11 U.S.C. § 727(d)(1) alleging that the Debtors had procured their discharge by fraud. The Debtors timely filed an Answer to this Complaint alleging *inter alia* that the Bank's Complaint was in fact a complaint to determine dischargeability of a debt under § 523 of the Code and alternatively that it was barred by laches. Some four months later, approximately two weeks before the pretrial conference on the Bank's Complaint, the Debtors filed a Motion to Dismiss. This motion seems based on the presumption the Bank's Complaint was one under § 523, not § 727, and as such was not timely filed.

On May 27, 1985, the date of the pretrial conference on the Bank's Complaint, the Bank filed an Objection to Debtors' Motion to Dismiss reiterating its position that the Complaint was filed pursuant to § 727(d)(1) and again alleging that the discharge was obtained through the fraud of the Debtors. After hearing oral argument of counsel for the Bank and the Debtors, the bankruptcy court took the case under advisement, and three days later, entered an order allowing the Debtors' Motion to Dismiss. The bankruptcy court found, among other things, that the Bank's Complaint was one made pursuant to § 523 and *not* § 727 and, thus, revocation was inappropriate. It is from this decision that the Bank appeals.

### Standard of Review

The Seventh Circuit has held that the findings of a bankruptcy judge are not to be reversed by a reviewing court unless they are clearly erroneous. *In Re Martin,* 698 F.2d 883, 885 (7th Cir.1983); Rule 8013, Bankruptcy Rules. Furthermore, Rule 61, F.R.Civ.P., as made applicable to bankruptcy proceedings by Rule 9005, Bankruptcy Rules, states that no error in any ruling or order done by the court is ground for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.

### Discussion

The Court would note at the outset of this discussion that most of the confusion, and indeed the decision rendered below that the Bank complains of on appeal, was

in fact caused by its own inartful pleading. The Court is well aware of the general principles of notice pleading, but both the Bank and the Debtors have distorted these principles to a point bordering on abuse.

When alleging fraud in a complaint, plaintiffs must give more than mere notice; they must state with particularity the circumstances constituting fraud. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975); Rule 9(b) F.R.Civ.P. as made applicable by Rule 7009, Bankruptcy Rules. It has also been held that a complaint is considered sufficient when it sets forth the time, place, particular contents of the false representations, the identity of the party making the misrepresentation, and the consequences of the misrepresentation. *Rudolph v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 100 F.R.D. 807, 809 (N.D.Ill. 1984). Furthermore, mere conclusory language which asserts fraud, without a description of fraudulent conduct, does not satisfy Rule 9(b). *D & G Enterprises v. Continental Ill. Nat. Bank*, 574 F.Supp. 263, 267 (N.D.Ill.1983).

In the case *sub judice*, the Bank's Complaint states:

> 4. Such discharge was obtained through fraud of the debtor, which fraud was comprised of the following:
>
> > (a) That prior to December 7, 1984, and unknown to Petitioner, Debtors fraudulently disposed of various items of collateral in which Petitioner had a perfected security interest and that Debtors fraudulently concealed their prior criminal acts from the trustee in bankruptcy and from Petitioner.
>
> 5. Plaintiff did not learn of such fraud until taking the depositions of the Debtors at the 2004 hearing on October 28, 1985.

It is manifest from the Complaint then, that the Bank did not comply with Rule 9(b) in setting forth any facts which would establish any element of fraud. While this point was not raised by the Debtors, it is germane to analyzing the "facts" evaluated by the bankruptcy court in dismissing the Bank's Complaint.

The Bank's Complaint was ostensibly brought pursuant to 11 U.S.C. § 727(d)(1) which states in relevant part that:

> (d) On request of ... a creditor ..., and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge....

Thus, in order to state a claim under § 727(d)(1), the Bank must allege fraud of the Debtors in obtaining the discharge, not fraud of the Debtors vis-a-vis the Bank. In other words, it must be shown that there was fraud in the procurement of the discharge and also that grounds existed which would have prevented the discharge had they been known and presented in time. 4 Collier on Bankruptcy ¶ 727.15, 15th Ed. It is this distinction which counsel for the Bank apparently fails to understand.

This conclusion is borne out by numerous statements of counsel found in the transcript of the pretrial conference. For example, at Page 2, Line 20, of that document, counsel for the bank states "[§] 727(d)(1) specifically provides that if a creditor finds out that he has been defrauded by the debtor within one year of the discharge, he may move to open up and revoke that discharge. That is exactly what we have done." Again at Page 4, Line 15, counsel states "at that time [the post-discharge deposition of the debtors], First National Bank of Harrisburg first found out they had been defrauded in that they had been financing a phantom house." Finally, counsel states that disposing of one's assets "... is the type of moral turpitude that has been committed and to deny dischargeability of debt." *Transcript*, Page 7, Lines 13–14. Thus, it is clear that counsel for the Bank, in his own mind, was characterizing a fraud committed against the Bank, not a fraud devised to procure a discharge of all debts owed by the Joneses.

Since the Bank pled no facts or circumstances establishing the "fraud" it alleged

in its Complaint, the trial judge, in ruling on the Debtors' Motion to Dismiss, was forced to rely upon the facts pled in appellant's Complaint and the argument of counsel at the pretrial conference. The only "fact" or circumstance pled by the Bank was the Debtors had "fraudulently" disposed of certain assets in which the Bank held a perfected security interest within one year of the date of Debtors' petition. This is clearly not the kind of fraud contemplated by § 727(d)(1) because it in no way evinces a fraudulent intent on the part of the Debtors to *procure* their discharge by fraud. These facts do, however, suggest a transaction properly covered by § 523 of the Code, as the bankruptcy court found.

Therefore, the Bank's failure to plead any facts establishing the fraudulent *procurement* of the Debtors' discharge, when taken with the above-quoted statements of counsel for the Bank, makes it clear that the bankruptcy court's order finding the Complaint one brought under § 523 rather than § 727 was not clearly erroneous. If anything, it was the direct result of counsel's apparent misunderstanding of § 727. Additionally, because the Bank pled no facts nor presented any evidence of a fraudulent *procurement* of the discharge, any mistake by the bankruptcy court in characterizing the Bank's Complaint as one under § 523 was harmless error, and pursuant to Rule 9005, Bankruptcy Rules, provides no ground for vacating the order complained of.

### Laches

■ The Debtors' answer raises the affirmative defense of laches with respect to the Bank's contentions. A party may be guilty of laches by failing to show proper diligence in attempting to discover the necessary facts before discharge. *Matter of McElmurry*, 23 B.R. 533, 535 (D.C.Mo. 1982). In the instant case, as correctly noted by the Debtors, the Bank could have learned that the Joneses disposed of its collateral by questioning them at the § 341 creditors' meeting or had they moved to modify the automatic stay provisions of § 362 and sought judicial foreclosure on

the collateral. The Bank did neither, though both are remedies commonly utilized by secured creditors.

■ More significantly, the Bank pled no facts nor presented any evidence to the bankruptcy court suggesting that the Debtors fraudulently concealed the disposal of the Bank's assets. Thus, the bankruptcy judge had no evidence before him, in deciding the Bank's Complaint or the Debtors' Motion to Dismiss, which would give him reason to believe that the Bank had acted diligently in discovering the Debtors' disposal of assets, nor did he have evidence that the Debtors had engaged in any type of fraudulent concealment which would have precluded the Bank's discovery of the Debtors' acts. For these reasons this Court agrees with appellees that the Bank's own inaction and failure to utilize the discovery vehicles available to it preclude it from now seeking the harsh measure of revocation. Thus, the bankruptcy court's implied finding that the Bank's Complaint was barred by laches was not clearly erroneous.

### Conclusion

■ The remainder of appellant's points of error are not considered because they are raised for the first time on appeal. An issue not presented in the court below cannot be raised for the first time on appeal and form a basis for reversal. *Country Fairways, Inc. v. Mottaz*, 539 F.2d 637, 642 (7th Cir.1976). In particular, appellant's point regarding the sufficiency of appellees' Motion to Dismiss is not reached because the Bank failed to file a Motion to Strike, Motion for More Definite Statement, or Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Since none of these things were done, it was not clearly erroneous for the bankruptcy judge to consider and grant the Debtors' Motion to Dismiss because none of those points were before him when he made his decision.

As stated at the outset, the Court would observe that this entire appeal was occasioned by the Bank's failure even to at-

tempt compliance with Rule 9(b) F.R.Civ.P. and its own misunderstanding of the type of fraud required to bring a § 727(d) Complaint. By virtue of the circumstances, the bankruptcy court's order was not clearly erroneous, and its characterization of appellant's Complaint as one under § 523, while possibly erroneous, is nevertheless harmless error because the Bank neither pled facts nor produced evidence requisite to stating a § 523 or a § 727 claim. Thus, the error, if any, does not affect the substantial rights of appellant. For these reasons this appeal is DENIED, and it is accordingly ORDERED that the order of the bankruptcy court complained of is hereby AFFIRMED.