**In re Linda Larue PING, Debtor.**

**Mark T. MILLER, Trustee, Plaintiff,**

**v.**

**Linda Larue PING, Debtor.**

**Bankruptcy No. 87–00018.**
**Adv. No. 88–0001.**

United States Bankruptcy Court,
E.D. Kentucky,
Frankfort Division.

Nov. 8, 1988.

J. Scott Getsinger, Frankfort, Ky., for debtor-defendant.

Mark T. Miller, Nicholasville, Ky., trustee, plaintiff.

MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the Trustee's motion for summary judgment. Although the Trustee has served the defendant-debtor with this motion and the arguments offered in support thereof, the defendant has not filed any response or opposition. The Court has reviewed the motion as well as the entire record in this case. Because no genuine issues of material fact exist, the case is ripe for summary judgment. *Rogers v. Peabody Coal Co.*, 342 F.2d 749 (6th Cir.1965); *Bailey v. American Tobacco Co.*, 462 F.2d 160 (6th Cir. 1972); *Bryant v. Commonwealth of Ky.*, 490 F.2d 1273 (6th Cir.1974). The undisputed facts are as follows.

The debtor, Linda Larue Ping, filed a Chapter 7 bankruptcy petition on July 9, 1982, under the debtor's former name of Linda Larue Hammond and received a discharge in said case. Subsequently, she filed the pending Chapter 7 petition on January 16, 1987, and received a discharge in this case on June 18, 1987. In the debtor's current bankruptcy schedules, she failed to indicate that she had previously been known as Linda Larue Hammond and that she had filed a previous bankruptcy case in 1982. Further, at the first meeting of creditors, she testified, under oath, that she had never filed a previous bankruptcy case under Chapter 7 or Chapter 13 of the Bankruptcy Code.

The Trustee has filed this adversary proceeding against the debtor seeking to revoke the debtor's discharge in bankruptcy under § 727(a)(8) and § 727(d)(1) of the Bankruptcy Code. In his motion for summary judgment, the Trustee submits to the Court that the debtor's failure to notify the Court of her previous bankruptcy filing constitutes fraud, which entitles the Court

to revoke her subsequent discharge under § 727(d)(1) of the Bankruptcy Code.

11 U.S.C. § 727(d)(1) states the following:

"(d) On request of the Trustee, a creditor, or the United States Trustee, and after notice and a hearing, the Court shall revoke a discharge granted under subsection (a) of this section if

(1) such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge;"

 Generally, in order to revoke a discharge under § 727(d)(1), the Trustee must show that (a) the discharge was procured by fraud; and (b) sufficient grounds existed which would have prevented the discharge, had they been known and presented at that time. *In re Topper*, 85 B.R. 167 (Bankr., S.D.Fla.1988); *First Nat'l. Bank of Harrodsburg v. Jones*, 71 B.R. 682, 684 (D.C.S.D.Ill.1987). Additionally, the party requesting revocation of discharge must prove his lack of knowledge of the fraud prior to discharge. *In re Topper*, supra.

 The Court is satisfied that the last requirement has been met since the Trustee testified that he did not have any knowledge of the existence of the prior bankruptcy case, nor should he have had any reason to know of the prior bankruptcy case, until nearly six (6) months after the discharge had been granted.

The other two requirements are likewise supported in the record. First, in order to show that the discharge was obtained by fraud, the Trustee must show that "the debtor's act must have been taken with the knowing intent to defraud the Trustee, or be so reckless as to justify finding that he acted fraudulently." *In re Puente*, 49 B.R. 966 (Bankr., W.D.N.Y.1985); *Knoxville Teachers' Credit Union v. Parkey*, 790 F.2d 490 (6th Cir.1986). Here, the debtor, who is held responsible for accurately and fully completing her bankruptcy petition, schedules and statement of affairs, failed to include her other name, Linda Larue Hammond, by which she has been known in the last six (6) years, on the cover page of the petition. Further, on Page 2 of her Statement of Financial Affairs, she failed to list her prior bankruptcy when asked the question, "what cases under the Bankruptcy Act of Title 11, United States Code, have previously been brought by or against you?". Additionally, at the first meeting of creditors, the debtor was asked whether or not she had filed a previous bankruptcy case within six (6) years, and she replied that she had not. The Court finds these misrepresentations to be so blatantly false as to warrant a finding of fraud upon the Court. Finally, had the court known that the debtor had filed a previous bankruptcy and received a discharge within six (6) years of the subsequent bankruptcy filing, the Court would have denied the debtor's discharge in the subsequent bankruptcy under § 727(a)(8) of the Code.

Accordingly, this Court finds that the debtor's false oaths constitute a fraud upon this Court and, therefore, the Court hereby revokes the debtor's discharge, previously granted.