In re Robert A. PERRYMAN.

**WORTHEN BANK & TRUST COMPANY, Plaintiff,**

v.

**Robert A. PERRYMAN, Defendant.**

**Bankruptcy No. LR 87–2127 S.
Adv. No. 89–4109.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Feb. 23, 1990.

Bob Leslie, Little Rock, Ark., for debtor.

Judy Henry, Little Rock, Ark., for plaintiff.

Richard Smith, Little Rock, Ark., U.S. Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

The Plaintiff, Worthen Bank & Trust Company (hereinafter "Worthen"), filed a Complaint to revoke debtor's discharge pursuant to 11 U.S.C. § 727(d). The matter came on for trial February 6, 1990. Worthen appeared by counsel, Judy S. Henry, Esq. The debtor appeared personally and by counsel, Bob Leslie, Esq.

The Bankruptcy Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(J) and the Bankruptcy Court may enter final judgment.

Testimony and documentary evidence presented at trial revealed the following facts. The debtor filed a voluntary Chapter 13 bankruptcy petition November 4, 1987. On April 20, 1989 the debtor filed a Motion to Convert the Chapter 13 proceedings to Chapter 7 proceedings. The case was converted to a Chapter 7 case by Order of the Bankruptcy Court April 26, 1989. On May 23, 1989 an Order was sent to all creditors setting the first meeting of creditors pursuant to 11 U.S.C. § 341(a) for June 20, 1989. This Order also set August 19, 1989 as the deadline for filing of any objections to discharge pursuant to 11 U.S.C. § 727 or dischargeability pursuant to 11 U.S.C. § 523.

On June 30, 1989, pursuant to 11 U.S.C. § 524(c), a Joint Motion to Reaffirm Debt was filed with the Bankruptcy Court. Attached to that pleading was a copy of a Reaffirmation Agreement dated June 19, 1989 signed by the debtor and by a representative of Worthen. The agreement, which was prepared by Worthen, provided that the debtor would reaffirm a debt owed to Worthen in the sum of $8,013.60 which would be repaid at the rate of $333.90 for 24 months beginning July 1, 1989. The agreement further provided that Worthen would retain a security interest in a 1985 Chevrolet pickup truck in the possession of the debtor. Although the original debt owed to Worthen was also secured by a 1979 Caprice station wagon, this collateral was not mentioned as security in the Reaffirmation Agreement. The debtor made payments to Worthen in July and August pursuant to this agreement.

On October 10, 1989, two days before an Order was entered by the Bankruptcy Court granting the debtor a general discharge of all his dischargeable debts pursuant to 11 U.S.C. § 727, the debtor filed at the Bankruptcy Court a Rescission of Reaffirmation Agreement. The debtor asserted that the agreement was not in his best interest. The rescission statement also provided that the debtor would "release the pickup truck to the creditor, Worthen Bank & Trust Company." The rescission statement, according to the certificate of service on the pleading, was sent to Worthen October 9, 1989.

After the Rescission of the Reaffirmation Agreement was filed, the debtor contends that Worthen was contacted by his attorney's office about release of the truck and was told that the bank would probably pick up the truck in Indiana where he had been working. Worthen denies any knowledge of this conversation. On December 29, 1989 the pickup was delivered by the debtor to a Worthen branch office. The truck had been rendered inoperable by removal of the drive shaft so that it could be towed from Indiana to Arkansas. The debtor, contrary to the bank's contentions, asserts Worthen knew he was working in Indiana moving mobile homes, that he used the pickup truck in his moving business and that his work address was in Indiana.

The debtor also asserts that the 1979 station wagon was completely worn out and repair was not economically feasible. He contends that approximately three years ago, while he was working out of state, his former wife who lives in Arkansas had the disabled vehicle removed from her property by a wrecker company in order to avoid a citation from municipal authorities. He contends that the minimal salvage proceeds were retained by the wrecker company in exchange for removing the vehicle. Again, contrary to the

bank's contentions, the debtor asserts that it also knew about the scrapped vehicle because he conveyed the information to a bank employee after he discovered what happened to the vehicle. This employee, apparently, is no longer employed by Worthen.

On November 29, 1989 Worthen filed this Complaint to Revoke Discharge pursuant to 11 U.S.C. § 727(d). Paragraphs 12–17 of the Complaint contained the following allegations relevant to Worthen's request:

12. The debtor has failed to return the pickup truck to Worthen. Upon information and belief, the debtor has removed the collateral from the State of Arkansas.

13. The debtor has failed to make any payments since August 1989 on the collateral of Worthen.

14. The debtor sold the Stationwagon without the knowledge or consent of Worthen. The debtor retained all proceeds received from the sale of the vehicle.

15. The debtor fraudulently induced Worthen into the reaffirmation agreement by representing to Worthen that he intended to reaffirm the indebtedness.

16. The debtor committed a fraud on Worthen by absconding from the State of Arkansas with Worthen's collateral and by not returning the pickup to Worthen as stated by debtor in Exhibit B [Rescission].

17. The debtor has committed a fraud on Worthen by selling the stationwagon without the knowledge or consent of Worthen and without remitting proceeds of the sale of the collateral to Worthen.

A Summons and Notice of trial in this adversary proceeding was issued by the Clerk of the Bankruptcy Court December 6, 1989 and trial was set for February 6, 1990.

■ The Court may revoke a discharge pursuant to 11 U.S.C. § 727(d) only if the debtor would not have been entitled to a discharge under § 727(a). Section 727(d) provides that a court shall revoke a discharge if the discharge was obtained through fraud and the requesting party did not know of the fraud until after the granting of the discharge. Fraud of a debtor such as would warrant revocation of a discharge is fraud in the procurement of a discharge and not mere fraud as to a particular creditor. *In re Jones*, 71 B.R. 682 (D.C.S.D.Ill.1987).

■ Worthen seeks not only to have the debtor's discharge revoked, but also requests an opportunity to object to the debtor's discharge or the dischargeability of Worthen's indebtedness. This request is confusing. The Court may only revoke a discharge if the debtor would not have been discharged pursuant to § 727(a) absent newly discovered fraud. Thus, at the outset, the sufficiency of the pleadings and contested issues of fact should be examined to determine whether any facts are alleged or offered which would have prevented the debtor's discharge had they been known and presented at that time. The burden of proof is on the plaintiff. *In re Ingersoll*, 106 B.R. 287 (Bkrtcy.M.D.Fla. 1989).

■ Worthen contends that certain conduct of the debtor amounted to a fraud upon the bank; that he sold the station wagon serving as collateral for its debt without remitting sale proceeds to the bank and that he removed the 1985 pickup truck from the state and failed to immediately return the collateral after the debtor rescinded the reaffirmation agreement. The bank never clearly established, either in its pleadings or during trial, what pre- or post-discharge conduct of the debtor is prohibited by § 727(a). No subsection of this Bankruptcy Code provision is cited by Worthen in support of its request. There was also no evidence presented that circumstances surrounding the debtor's actions demonstrated any intent to defraud Worthen. The debtor's testimony was credible.

It is apparent not only from the pleadings but also from the evidence presented at trial that the real focus of Worthen's Complaint is it's allegation that it was fraudulently induced into a reaffirmation agreement with the debtor and thereby

missed the deadline of August 19, 1989 to file an objection to discharge or dischargeability. Because the rescission of the reaffirmation agreement occurred after the August 19, 1989 deadline to file objections to discharge or dischargeability, Worthen now finds itself without a remedy other than § 727(d). The section of the Bankruptcy Code permitting revocation of discharge for fraud, however, should not be used as a vehicle for revocation of discharge to effectuate a reaffirmation agreement. *In re Eccleston*, 70 B.R. 210, 212 (Bkrtcy.N.D.N.Y.1986). See, also, *In re Thomas*, 72 B.R. 223, 226–227 (Bkrtcy.M.D.Ala.1987); *In re Shelton*, 58 B.R. 746, 749–750 (Bkrtcy.N.D.Ill.1986). This Court agrees with the conclusions of the bankruptcy court in *In re Thomas, supra,* wherein it heard a similar Complaint and found:

> The argument is simply not relevant.... Reaffirmation is not a substitute for dischargeability determination or objection to discharge. If there is a legitimate objection to discharge or dischargeability, a judicial determination should be obtained that the discharge is denied or that the debt is in fact nondischargeable by litigation or by agreed order reviewed by the court. This approach best protects the interests of both debtors and creditors. [citation omitted]

At the very least the bank could have moved for an extension of time within which to file a complaint pursuant to Rule 4004(b) or Rule 4007(c) of the Rules of Bankruptcy Procedure. The time extension would have afforded the bank an opportunity to determine whether the debtor really intended to reaffirm the debt.

Suffice it to say all of these findings by the Court to this point presume the existence of a valid reaffirmation agreement. However, in this case, a review of the reaffirmation agreement prepared by the bank reveals that it was unenforceable. A reaffirmation agreement is enforceable only if it complies with all of the requirements of 11 U.S.C. § 524(c). To be enforceable, such an agreement must contain a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge

or within 60 days after it was filed with the Court. 11 U.S.C. § 524(c)(2). The agreement between these parties did not contain such a statement. Hence, absent a judicial determination of nondischargeability, a default at any time during the life of the agreement would have left Worthen without a remedy. *In re Wallace*, 102 B.R. 54, 56 (Bkrtcy.E.D.N.C.1989).

As previously noted, the Court finds proof lacking which would have prevented the debtor's discharge and/or established that his discharge was procured through fraud. Accordingly, the Complaint to revoke the debtor's discharge is dismissed.

A separate final Judgment will be entered in accordance with the foregoing.