**In re Tommy L. HAYES, Debtor.**

**NCNB TEXAS NATIONAL BANK, Plaintiff,**

v.

**Tommy L. HAYES, Defendant.**

**Bankruptcy No. TY–89–61437. Adv. No. A–91–6060.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

June 11, 1991.

---

Emily Stacy Donahue, Jackson and Walker, Dallas, Tex., for NCNB Texas Nat. Bank.

William Sheehy, Wilson, Sheehy, Knowles, Robertson & Cornelius, Tyler, Tex., for Tommy L. Hayes/Debtor.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of the Motion of Debtor, Tommy L. Hayes, for summary judgment. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and disposes of the issues presented to the Court.

## FACTUAL BACKGROUND

On July 3, 1989, Tommy L. Hayes, hereinafter known as ("Debtor"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. An order was entered on August 8, 1990, granting Debtor a discharge pursuant to 11 U.S.C. § 727. On January 15, 1991, NCNB Texas National Bank, hereinafter known as ("Bank"), filed a complaint to revoke Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1).

During the time in question, Debtor was the chief executive officer of Lone Star General Contractors, Inc., hereinafter known as ("Lone Star"), as well as an officer in Lone Star's one hundred percent owned subsidiary Equipment Unlimited, Inc., hereinafter known as ("Equipment Unlimited"). Bank alleges that on a date prior to Debtor's petition under Chapter 7, that Debtor sold an asset of Equipment Unlimited and applied the proceeds of the sale to financial obligations owed jointly by Lone Star and Debtor. Bank alleges that the proceeds from the sale of this asset should have been applied to the debts of Equipment Unlimited and hence their allocation otherwise constitutes a fraud on the creditors of Equipment Unlimited. At the time in question, Bank was a creditor of Equipment Unlimited. Furthermore, Bank alleges that the debts of Equipment Unlimited were also obligations of the Debtor. Accordingly, the contention of Bank is that Debtor's use of the proceeds of the Equipment Unlimited asset to pay Debtor's own nondischargeable obligations related to Lone Star rather than the debts of Equipment Unlimited for which Debtor was also obligated, constitutes an obtaining of a discharge through fraud and justifies the revocation of Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1).

Debtor disputes the majority of the material allegations of Bank. However, in Debtor's Motion for Summary Judgment Debtor has pled that even assuming the factual allegations of Bank are correct, that Debtor is still entitled to summary judgment as a matter of law due to Bank's failure to plead the facts necessary to support a revocation of discharge pursuant to 11 U.S.C. § 727(d)(1). After a review of the pleadings and relevant case law, this Court is of the opinion that Debtor's Motion is well taken, and accordingly, this Court is of the opinion that the Motion for Summary Judgement should be GRANTED.

## DISCUSSION OF LAW

Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment is made applicable to an adversary proceeding pending before the bankruptcy court pursuant to Bankruptcy Rule of Procedure 7056. Before this Court can grant

a Motion for Summary Judgement, it must be convinced that in the matter pending before it there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In the case at hand, Debtor has stipulated that for the purposes of the Motion for Summary Judgment that even if the Court considers each and every allegation of the Bank to be true and correct, Debtor is entitled to judgment as a matter of law. Therefore, for the purpose of this opinion, the only issue remaining for this Court will be an examination of the legal basis for Bank's complaint.

■ Bank seeks to revoke Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1).[1] According to the terms of this section as well as resultant case law, a party attempting to revoke a debtor's discharge must demonstrate that (1) the procurement of debtor's discharge was obtained through the fraud of the debtor, (2) the party requesting revocation did not know of debtor's fraud until after the granting of the discharge and (3) grounds must be shown to exist which would have prevented debtor's discharge had they been known. *In re: Ping,* 96 B.R. 96, 97 (Bkrtcy.E.D.Ky. 1988); *In re: Topper,* 85 B.R. 167, 169 (Bkrtcy.S.D.Fla.1988); *In re: Benak,* 91 B.R. 1008, 1009 (Bkrtcy.S.D.Fla.1988); 4 *Collier on Bankruptcy* para. 727.15 at p. 727–109 (15th Ed.1990). It is also clear that the party moving for a revocation of discharge is charged with "the burden of proving all of the facts upon which revocation is conditioned ..." *In re: Stein,* 102 B.R. 363, 367 (Bkrtcy.S.D.N.Y.1989). A review of Bank's complaint to revoke discharge demonstrates to this Court that Bank has failed to plead any of the beforementioned grounds to support their complaint.

Bank is not alone in misconstruing the application of 11 U.S.C. § 727(d)(1); at least two other courts have dealt with substantially similar factual situations involving creditors misapplying § 727(d)(1). In *In re:*

*Jones,* 71 B.R. 682 (S.D.Ill.1987), a creditor learned subsequent to debtors' discharge that debtors' had disposed of certain assets, within one year of the date of debtors' petition in Chapter 7, in which creditor claimed a perfected security interest. In creditor's complaint to revoke debtors' discharge pursuant to § 727(d)(1), creditor made general and conclusory allegations asserting fraud. In response, debtor filed a motion to dismiss alleging that creditor's complaint was, in fact, a complaint to determine the dischargeability of a debt pursuant to § 523. The court granted debtor's motion after holding that creditor had misconstrued the fraud element of their 727(d)(1) cause of action. Instead of alleging fraud on the part of the debtors in procuring their discharge the court found that the substance of creditor's allegations related more to the alleged fraud of the debtor vis-a-vis the creditor i.e. a § 523 cause of action. Additionally, creditor failed to allege that any 11 U.S.C. § 727(a) "grounds existed which would have prevented the discharge had they been known or presented in time." *Id.* at 684.

The creditor in the case of *In re: Perryman,* 111 B.R. 227 (Bkrtcy.E.D.Ark.1990) repeated most if not all of the mistakes of the creditor in the case of *Jones, supra.* In *Perryman,* the fraud alleged by creditor consisted of debtor's rescission of a reaffirmation agreement and subsequent sale of creditor's collateral in derogation of creditor's rights. As in *Jones,* the court in *Perryman* dismissed creditor's complaint. The court found that creditor had failed to allege or demonstrate fraud in the procurement of debtor's discharge as well as any grounds pursuant to 11 U.S.C. § 727(a) which would have prohibited debtor's discharge.

■ In the case at hand, Bank, like the creditors in *Jones, supra,* and *Perryman, supra,* has misapplied 11 U.S.C. § 727(d)(1). As previously stated by this Court, the fraud element of a revocation of discharge

---

1. On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) Such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of the discharge;

cause of action requires a proof of fraud in the procurement of a discharge. Bank's pleadings do not relate to such a proof but instead lay the factual groundwork for what would have been a highly suspect § 523 cause of action. Bank has also failed to plead whatsoever that it was unaware, until after Debtor had received his discharge, of the factual basis of this alleged fraud in the procurement of a discharge. This alone is fatal. Finally, the Court finds that Bank has not pled that absent this alleged fraud in the procurement of a discharge what grounds would exist under 11 U.S.C. § 727(a) which would have prevented Debtor from receiving a discharge in bankruptcy. Therefore, it is the opinion of this Court that Bank's complaint to revoke debtor's discharge wholly fails to plead the elements necessary to prove their cause of action, and accordingly, this Court finds that Debtor is entitled to judgment as a matter of law.